**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4379**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JIMMY DARRELL GAGUM, SR.,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(CR-03-844)

———————

Submitted:  October 26, 2005          Decided:  November 15, 2005

———————

Before LUTTIG, TRAXLER, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

D. Craig Brown, Florence, South Carolina, for Appellant.  Arthur B.
Parham, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jimmy Darrell Gagum, Sr. appeals from the district court's sentence of 210 months' imprisonment resulting from a conviction for possession of marijuana and cocaine base with intent to distribute in violation of 21 U.S.C. § 841 (2000). Gagum's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), representing that, in his view, there are no meritorious issues for appeal. Gagum filed a pro se brief arguing that the district court's sentence was not reasonable.[*]

After the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). Id. As stated in Hughes, this court will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 546-47.

---

[*]Gagum also claims that under U.S. Sentencing Guidelines Manual § 4B1.1(b)(C) (2004), he should have received a base offense level of thirty-two. However, as his crime carried a maximum term of imprisonment of thirty years, see 21 U.S.C. § 841, his base offense level was thirty-four under USSG § 4B1.1(b)(B). The district court did not err in calculating his base offense level.

- 2 -

Gagum claims that his sentence is unreasonable. In his plea agreement, Gagum agreed that he was a career offender. The district court correctly determined his sentencing guideline range. After acknowledging that the sentencing guidelines were advisory, the district court consulted the sentencing factors of § 3553(a). The district court selected a prison sentence of 210 months, in the middle of the advisory guideline range, based upon Gagum's prior criminal record. The district court expressed its hope that the sentence would serve as a deterrent to future criminal behavior because Gagum's previous prison time had not had an adequate deterrent effect on him. Because the district court relied on appropriate sentencing considerations and it imposed a sentence well within the advisory guideline range, we conclude that the sentence was reasonable.

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Gagum's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED